# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Case No.: 16-30892 |
| **Estella Bradley**, | Chapter 13 |
| Debtors. | Chief Judge Pamela S. Hollis |
| | **JOLIET** |

**NOTICE OF MOTION OF DEBTOR OBJECTING TO CLAIM NUMBER 7**

**Please take notice** that on **August 2, 2019 at 10:45 a.m.,** or as soon thereafter as Counsel may be heard, I shall appear before the Honorable Judge Presiding in courtroom located at the Joliet City Hall at 150 W. Jefferson Street, 2nd Floor, Joliet, Illinois and shall then and there present the attached motion, a true and correct copy of which is attached and served upon you by this Notice.  You may appear if you choose.

CERTIFICATE OF SERVICE

I, the undersigned attorney, state pursuant to Local Rule 9013 this Notice and Motion and all attachments were filed on the **June 11, 2019**, and served on all Parties identified as Registrants, on the date this notice was filed electronically with the Clerk of the U.S. Bankruptcy Court, through the Court's Electronic Notice of Registrants, and, as to all other parties as indicated on the service list attached by facsimile and by First Class Mail to the addresses shown by mailing a true and correct copy of same in a properly addressed envelope, postage paid, and deposited with the U.S. Mail at 1016 W. Jackson Boulevard, Chicago, IL.

Benjamin Brand, LLP                                    /s/ Theresa Benjamin
1016 West Jackson Boulevard
Chicago, Illinois 60607
312.853.3100

# SERVICE LIST

FIRST CLASS MAIL: Debtor, 1995 Water Chase Drive, New Lennox, IL 60451

Electronically: U.S. Trustee Patrick S. Layng USTPregion11.es.ecf@usdoj.gov

Chapter 13 Trustee Glenn Stearns mcguckin_m@lisle13.com

Creditors Registered on the ECF system with the Clerk

FIRST CLASS MAIL:

MTGLQ Investors, L.P., Attn., Stephanie St. Martin-Ancik, Shellpoint Mortgage Servicing, POB 10826, Greenville, SC 29603 (also via email mtgbk@shellpointmtg.com (PER POC ADDRESS NOTICES)

MTGLQ Investors, L.P., Jose Moreno, Codilis & Associates, 15W030 North Frontage Road, Suite 100, Burr Ridge, IL 60527

SN Servicing Corp., c/o Ghidotti, Berger, 1920 Old Tustin Avenue, Santa Ana, California 92705

U.S. Bank Trust National Association, c/o Michelle Ghidotti-Gonsalves, Ghidotti, Berger, 1920 Old Tustin Avenue, Santa Ana, California 92705

U.S. Bank Trust National Association, Andrew Cecere/CEO, 300 East Delaware, 8th Floor, Wilmington, DE 19809

U.S. Bank Trust National Association, as Trustee of the Chalet Series III Trust, c/o SN Servicing Corp., 323 5th Street, Eureka, CA 95501

U.S. Bank Trust National Association, as Trustee of the Tiki Series III Trust, Kathy Watson, Bankruptcy Asset Manager, SN Servicing Corp., 323 5th Street, Eureka, CA 95501

Shellpoint Mortgage Servicing, POB 10826, Greenville, SC 29603

Shellpoint Mortgage Servicing, c/o Shellpoint Partners LLC, Bruce Williams/Co-CEO, Two Grand Central Tower, 140 East 45th Street, 37th Floor, New York, New York 10017

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Case No.: 16-30892 |
| **Estella Bradley**, | Chapter 13 |
| Debtors. | Chief Judge Pamela S. Hollis |

**DEBTOR'S OBJECTION TO CLAIM NUMBER 7**

NOW COMES the above named debtor, **Estella Bradley** (the "Movant"), by and through her attorneys of record, J. Kevin Benjamin, Theresa Benjamin and Benjamin | Brand | LLP, and respectfully moves this Court pursuant to 11 U.S. C. 502 and Bankruptcy Rule 3007 for an order sustaining Debtor's objection to Claim Number 7 filed by MTGLQ Investors, L.P. and subsequently transferred/assigned/sold ("Claimant") on December 2, 2016.   In support of said Objection, Debtor states as follows:

**JURISDICTION & VENUE**

1. The United States Bankruptcy Court for the Northern District of Illinois (the "Court") has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 157, 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, which states that "Pursuant to 28 U.S.C. §157(a), any and all cases under Title 11 U.S.C. and any and all proceedings arising under Title 11 U.S.C. or arising in or related to any case under Title 11 U.S.C. are referred to the bankruptcy judges of this District".

2. By Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois, which states "Pursuant to 28 U.S.C. §157(a), any and all cases under Title 11 U.S.C. and any and all proceedings arising under Title 11 U.S.C. or arising in or related to any case under Title 11 U.S.C. are referred to the bankruptcy judges of this District," the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

3. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The predicate for the relief requested herein are Rules 1007(b)(1)(A)(B)(D) of the Federal Rules of the Bankruptcy Rules and § 521(a)(1)(B)(i)(ii)(iii)(v) and § 1321 of the Bankruptcy Code.

**FACTUAL BACKGROUND**

6. Debtor filed, through counsel, the above captioned voluntary Chapter 13 on September 28, 2016.

7. The section 341 meeting of creditors was held and concluded.

8. On December 2, 2016, Claimant filed claim number 7 (the "Claim"), which is attached hereto as Exhibit A. As a result of said claim and the various notices of mortgage payment changes that have since been filed in association with same, the chapter 13 trustee is seeking to dismiss this instant matter. See docket number 82.

9. At Part 1, paragraph 1 of the Claim, the Claimant fails to disclose other names used by the creditor that would be familiar to Debtor to assist Debtor in identifying the nature and basis of the claim.

10. At Part 1, paragraph 2 of the Claim, Claimant asserts the Claim was not acquired from another party, and as such Claimant alleges to be the original mortgagee.

4

11.  At Part 2, paragraph 9, the Claimant purports the Claim to be secured by a lien on the Debtor's home, that certain real estate commonly known as 1995 Water Chase Drive, New Lennox, Illinois 604511 (the "Real Property").

12.  At Part 3, Stephanie St. Martin-Ancik, identified as the "Bankruptcy Case Manager for Shellpoint Mortgage Servicing", signs the Claim under penalty of perjury as being accurate.

13.  At page 12 of the Claim, which purports to be a true and accurate copy of the mortgage agreement, the lender is specifically identified as **Chase Bank USA, N.A.,** (the "Original Mortgagee") and not in fact the Claimant.

14.  At page 34 of the Claim, Claimant attaches a document, which purports to be an "Allonge" to the Note, the document is on its face undated, unendorsed, and given by "MTGLQ Investors, L.P., Successor in Interest to Chase Bank USA, by New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing as Attorney in Fact".

15.  At page 36 of the Claim, Claimant attaches a document entitled "Corporate Assignment of Mortgage" signed January 27, 2016 (the "Assignment"), which on its face is an assignment of a mortgage from "BOF II 2011-2NPL, LLC" and to "MTGQL Investors, L.P."

16.  The Assignment is the only assignment attached to the Claim and no such assignment or other evidence of a valid transfer of the mortgage or note from the Original Mortgagee is attached to the Claim.

17.  While Claimant attaches what appear to be copies of various loan documents, the documents attached are a reduced-sized copy that are essentially illegible and not sufficient to properly and sufficiently inform the Debtor of their validity, veracity and accuracy.

18.  At pages 4-6, Claimant attaches what appears to be an accounting of the amounts in support of the Claim alleged to be owing from Debtor including a calculation of the arrears claim as of the date of filing in the amount of $104,752.33 (the "Arrearage") and identifies the Debtors

as Andre Bradley and Estella Bradley, notably Andre Bradley is not a "debtor" in this instant case.

19. The Arrears Claim includes garbage charges assessed against Debtor for purportedly forty-five (45) separate "property inspections" and five (5) separate "property appraisals".

20. Shellpoint Mortgage Servicing issued a mortgage statement to Debtor dated August 5, 2016 setting forth the amount due at that time to bring the account current as $49,790.60, less than one month prior to the date Debtor commenced this instant matter and only four months prior to the filing of claim 7. A copy of that statement is attached as Exhibit 2.

21. The Debtor has no knowledge as to the existence of this Claimant or its alleged right with respect to the mortgage and note as relates to the Real Property.

22. Claimant fails to attach evidence that would properly establish its right as mortgagee with respect to the Real Property and the Claim.

23. The Claim appears on its face to be inconsistent, self-contradictory, and false, and as such, Debtor Objects to the Claim.

24. The Debtor is entitled to have sufficient, consistent information via the proof of claims to determine the truth and accuracy of the claims to be administered in her chapter 13 Plan of re-organization.

25. Creditors are required to file claims that sufficiently and accurately inform and advise Debtor's of the claims alleged in their chapter 13 cases.

26. On January 25, 2017, counsel Jose Moreno filed an attorney appearance on behalf of MTGLQ Investors, L.P. at docket number 48. See Exhibit 4.

27. On December 11, 2017, a Notice of Mortgage Payment Change was filed by Shellpoint Mortgage with an electronic signature bearing the name "Lois Gober" and the printed name of "Katisha Gill", two different persons attesting under penalty of perjury to the

6

information provided in said notice and specifically referencing proof of claim number 7. The notice states that the current monthly escrow payment is **"$6,411.84"** and that the new monthly escrow amount is reducing to a payment of **"$1202.10".** Further stating that change in the escrow amount will result in a new monthly mortgage payment of $2016.40. The simple math is the principle and interest amount would be $814.30 effective January 1, 2018. See Exhibit 5.

28. On October 30, 2018, U.S. Bank Trust National Association as Trustee of the Tiki Series III Trust ("Tiki"), as transferee, filed Form B2100A, giving notice of a transfer of proof of claim number 7 from U.S. Bank Trust Chalet Series III Trust ("Chalet"), and same was signed electronically by D. Anthony Sottile, as agent for the transferee. See Exhibit 6.

29. On February 27, 2019, Kathy Watson, a Bankruptcy Asset Manager, filed a request for service of notices, on behalf of SN Servicing, as agent for the Tiki trust. See Exhibit 7.

30. So, as of October 2018, the Debtor's mortgage had somehow gone from Chase, to MTGQL, to the Chalet trust, and then to the Tiki trust, and the servicing agent from Chase, to Shellpoint Mortgage Servicing to SN Servicing Corporation, with the involvement of the firm Ghidotti Berger, having the same address of SN Servicing Corporation. And that is only what can be surmised from the various filings made in this instant case. None of which provide for any evidence of said transfers nor accounting by the various entities as to payments received and how they may have been applied.

31. On April 11, 2019, counsel hereunder, pursuant to 12 C.F.R. section 1024, sent a written request to SN Servicing requesting at a minimum an accounting, including a payoff, current mortgage statement, and the annual escrow analysis for the period of 2016 through 2019. SN Servicing failed to provide that information to counsel as requested. See Exhibit 8.

32. Instead, on April 24, 2019, the Tiki trust filed a Notice of Mortgage Payment Change, which was signed electronically by Michelle Ghidott-Gonsalves as an authorized agent

for the Ghidotti Berger firm. See Exhibit 9.

33. This Tiki trust notice indicated that mortgage payment was changing to $2,175.63 due to two factors: (1) monthly escrow payment decreasing to $1,143.86 from the prior amount of $1,202.10 and (2) the existence of a loan modification agreement dated July 26, 2012, that projected a new principal and interest payment of $1,031.77 from the prior amount of $814.30. (the "Loan Modification").

34. In other words, the Tiki trust is seeking to enforce the terms of the Loan Modification.  If in fact the Loan Modification terms apply, there is no arrearage owed as the Loan Modification provided a new principal balance of $576,445.43, which incorporated all past due amounts and specifically the arrears.  Further, per the terms of the Loan Modification, the deferred principal amount would incur no interest or late charges, a new maturity date on the mortgage of July 1, 2052, specific interest rates with periodic adjustments.

**REQUEST FOR RELIEF**

35.  All of these facts or anomalies when taken together demand there be an accounting with respect to proof of claim number 7 and the various notices and filings made under this pending matter in relation to claim number 7, and proof of the alleged transfers and assignments, and the Debtor hereby objects to claim number 7 until such time as an accounting is provided.

36. The amounts claimed to be owing with respect to claim number 7 are in question and have caused the Debtor's plan to become unfeasible.  The chapter 13 trustee, as a result, has filed a motion to dismiss. See docket number 82.

36. It should be noted the chapter 13 trustee has disbursed to-date $110,702.56 on proof of claim number 7.

**WHEREFORE**, Debtor respectively requests an order sustaining Debtor's objection to the Claim number 7, ordering SN Servicing Corporation and/or the Tiki trust to provide an

8

1 accounting on the claim and proof of all assignments and transfers, and such other and further
2 relief as this Court deems just and necessary under the circumstances.

                                                   Respectfully Submitted,

                                                   BENJAMIN BRAND, LLP

                                                 /s/ Theresa Benjamin

Theresa Benjamin
Benjamin | Brand | LLP
1016 W. Jackson Blvd
Chicago, IL 60607
312-853-3100
theresa@benjaminlaw.com
ARDC 6230425